# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

**LINDA STECKER,**
**individually and on behalf of**
**all others similarly situated,**

      **Plaintiff,**              **CASE NO. 19-CV-400**

    v.

**O'BRIEN STEEL SERVICE CO.,**

      **Defendant.**

## COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Linda Stecker, individually and on behalf of the members of the proposed classes identified below. Plaintiff Stecker and the putative class members are, or were, Inside Sales Representatives for Defendant O'Brien Steel Service Co. (hereinafter "O'Brien") at times since March 19, 2016. Since that time, O'Brien has had a common policy and practice of failing to compensate its Inside Sales Representatives for all hours worked in excess of forty in a given workweek and failing to factor certain non-discretionary bonuses into the overtime rates of the Inside Sales Representatives for purposes of determining overtime compensation. As a result of these common policies and practices, O'Brien has failed to compensate Plaintiff Stecker and the

putative class members for overtime wages dues in violation of the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin wage and hour laws.

2. Plaintiff Stecker brings this action, individually and on behalf of other similarly-situated current and former Inside Sales Representatives, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Stecker also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

4. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of

the events or omissions giving rise to the claim occurred within the district and Defendant O'Brien has substantial and systematic contacts in this district, including operating a facility in Cudahy, Wisconsin.

## **PARTIES**

6.  Defendant O'Brien Steel Service Co. ("O'Brien") is a Foreign Business Corporation with a principal place of business located in Peoria, Illinois. O'Brien's registered agent for service of process in the State of Wisconsin is Hank Mulder located in Wausau, Wisconsin.

7.  Plaintiff Linda Stecker is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Stecker is a former employee of O'Brien who worked as an Inside Sales Representative from approximately December 1, 2014 to January 28, 2019. Stecker's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

8.  Plaintiff Stecker brings this action individually and on behalf of the Collective Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Class** is defined as follows:

> All persons who are or have been employed by O'Brien as an Inside Sales Representative at any time since March 19, 2016.

9.  Plaintiff Stecker brings this action individually and on behalf of the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who are or have been employed by O'Brien as an Inside Sales Representative at any time since March 19, 2017.

10. The Collective Class and the Wisconsin Class will be collectively referred to as the "Classes" hereinafter.

## GENERAL ALLEGATIONS

11. O'Brien processes and sells steel products used in a variety of industries, including the construction, mining, agriculture, and railroad industries, amongst others.

12. Plaintiff Stecker and the Collective Class work, or have worked, for O'Brien as Inside Sales Representatives at times since March 19, 2016.

13. Plaintiff Stecker and the Wisconsin Class work, or have worked, for O'Brien as Inside Sales Representatives at O'Brien's Wisconsin locations at times since March 19, 2017.

14. Since March 19, 2016, O'Brien has employed Plaintiff Stecker and the Classes as Inside Sales Representatives with a primary duty of selling O'Brien's steel products.

15. Since March 19, 2016, Plaintiff Stecker and the Classes have performed their duties and spent nearly the entirety of their work hours as Inside Sales Representatives at workstations within O'Brien's facilities.

16. Since March 19, 2016, O'Brien agreed to pay Plaintiff Stecker and the Classes a bi-weekly salary that was the equivalent of 80 hours of work at their respective hourly rates.

17. Since March 19, 2016, O'Brien has been aware that Plaintiff Stecker and the Classes were entitled to overtime pay for hours worked in excess of forty in any given workweek.

18. Since March 19, 2016, O'Brien has also agreed to pay Plaintiff Stecker and the Classes certain non-discretionary bonuses tied to their sales in addition to their respective hourly rates.

19. Since March 19, 2016, O'Brien has regularly suffered or permitted Plaintiff Stecker and the Classes to work in excess of forty hours in a given workweek. For example, from approximately March 19, 2016 through December 2017, Plaintiff Stecker regularly worked from 7 a.m. until 5:30 p.m. or later from Monday through Friday in many workweeks. In addition, from January 2018 through the end of her employment with O'Brien, Plaintiff Stecker regularly worked from approximately 7 a.m. until 5 p.m. from Monday through Friday in many workweeks.

20. Since March 19, 2016, O'Brien has regularly suffered or permitted Plaintiff Stecker and the Classes to work through unpaid meal periods while working as Inside Sales Representatives.

21. Since March 19, 2016, O'Brien has regularly suffered or permitted Plaintiff Stecker and the Classes to have meal periods of less than thirty minutes without compensating them for such meal periods.

22. Since March 19, 2016, O'Brien – by and through its managers – has been aware that Plaintiff Stecker and the Classes worked in excess of forty hours per workweek.

23. Since March 19, 2016, O'Brien has failed to maintain or keep records of Plaintiff Stecker and the Classes' actual work hours on a daily basis – including but not limited to the start and end times of their work or meal periods on a daily or any other basis.

24. Since March 19, 2016, O'Brien has simply paid Plaintiff Stecker and the Classes for forty hours of work per workweek on a bi-weekly basis without regard to the actual hours worked by Plaintiff Stecker and the Classes.

25. Since March 19, 2016, O'Brien has paid Plaintiff Stecker and the Classes non-discretionary bonuses earned during periods in which Plaintiff Stecker and the Classes worked in excess of forty hours in given workweeks. However, due to its failure to properly track or compensate Plaintiff Stecker and the Classes for hours worked in excess of forty in a given workweek, O'Brien has failed to factor such bonuses into Plaintiff Stecker and the Classes' regular rates of pay for purposes of computing overtime compensation.

26. As a result of the foregoing, O'Brien has failed to properly compensate Plaintiff Stecker and the Classes at one and one-half times their respective, regular rates of pay for all hours worked in excess of forty in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") and in violation of Wisconsin law.

27. O'Brien's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Stecker and the Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

28. Plaintiff Stecker and the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to O'Brien's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Stecker as stated herein are the same as those of the Collective Class.

29. Plaintiff Stecker and the Collective Class seek relief on a collective basis challenging, among other FLSA violations, O'Brien's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

30. The FLSA Section 216(b) Collective Class's members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from O'Brien. Notice can be provided to the Collective Class via first class mail to the last address known to O'Brien and/or via email or text to their last known email addresses or phone numbers and through posting at O'Brien's facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

31. Plaintiff Stecker brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after March 19, 2017.

32. The proposed Wisconsin Class's members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of O'Brien, upon information and belief, there are over 40 members in the Wisconsin Class.

33. Plaintiff Stecker's claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of O'Brien and O'Brien benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Stecker and the other members of the Wisconsin Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

34. Plaintiff Stecker is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained counsel experienced in complex wage and hour class action litigation.

35. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The

questions of law and fact common to the class arising from O'Brien's actions include, but are not limited to, the following:

    a) Whether O'Brien failed to maintain true and accurate records for all hours worked by Plaintiff Stecker and the Wisconsin Class as required by Wisconsin Law;

    b) Whether O'Brien failed to pay Plantiff Stecker and the Wisconsin Class for all work O'Brien suffered or permitted them to perform at the applicable rate required by Wisconsin law; and

    c) The nature and extent of class-wide injury and the measure of damages for the injury.

36. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

37. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act – Unpaid Overtime Compensation

38. Plaintiff Stecker, individually and on behalf of the Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

39. Since March 19, 2016, Plaintiff Stecker and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

40. Since March 19, 2016, O'Brien has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

41. Since March 19, 2016, Plaintiff Stecker and the members of the Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

42. Since March 19, 2016, O'Brien has been an employer of Plaintiff Stecker and the Collective Class as provided under 29 U.S.C. § 203(d).

43. Since March 19, 2016, O'Brien has violated the FLSA by failing to pay overtime compensation due to Plaintiff Stecker and the Collective Class for each hour worked in excess of forty hours in any given workweek.

44. Since March 19, 2016, O'Brien has violated the FLSA by failing to include non-discretionary bonuses in the regular rates of pay when calculating overtime compensation for Plaintiff Stecker and the Collective Class.

45. Plaintiff Stecker and the Collective Class are entitled to damages equal to mandated overtime premium pay for all hours worked over forty in given workweek within the three years prior to the filing of this Complaint, plus periods of equitable tolling because O'Brien acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

46. O'Brien's failure to properly compensate Plaintiff Stecker and the Collective Class and failure to properly record all compensable work time was

willfully perpetrated and Plaintiff Stecker and the Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

47. Alternatively, should the Court find that O'Brien did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Stecker and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

48. Pursuant to FLSA, 29 U.S.C. §216(b), Plaintiff Stecker and the Collective Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Overtime and Agreed-Upon Wages

49. Plaintiff Stecker, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as if restated herein.

50. Since March 19, 2017, Plaintiff Stecker and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

51. Since March 19, 2017, Plaintiff Stecker and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

52. Since March 19, 2017, Plaintiff Stecker and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

53. Since March 19, 2017, Plaintiff Stecker and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

54. Since March 19, 2017, Plaintiff Stecker and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

55. Since March 19, 2017, O'Brien was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

56. Since March 19, 2017, O'Brien was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

57. Since March 19, 2017, O'Brien was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

58. Since March 19, 2017, O'Brien was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

59. Since March 19, 2017, O'Brien was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60. Since March 19, 2017, O'Brien has employed, and/or continues to employ Plaintiff Stecker and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

61. Since March 19, 2017, O'Brien has employed, and/or continues to employ Plaintiff Stecker and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

62. Since March 19, 2017, O'Brien has employed, and/or continues to employ Plaintiff Stecker and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

63. Since March 19, 2017, O'Brien has employed, and/or continues to employ Plaintiff Stecker and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64. Since March 19, 2017, O'Brien has employed, and/or continues to employ Plaintiff Stecker and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65. Since March 19, 2017, Plaintiff Stecker and the Wisconsin Class have regularly performed work in excess of forty hours per workweek while employed by O'Brien without receiving compensation for all hours worked in excess of forty.

66. Since March 19, 2017, Plaintiff Stecker and the Wisconsin Class have regularly received non-discretionary bonuses when working in excess of forty hours in a workweek which O'Brien failed to include in Plaintiff Stecker and the Wisconsin Class's regular rates for purposes of computing overtime pay.

67. Since March 19, 2017, O'Brien had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Stecker and the Wisconsin Class overtime and agreed-upon wages for all hours worked.

68. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

69. The foregoing conduct of O'Brien, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of overtime and agreed upon wages.

70. As set forth above, Plaintiff Stecker and the Wisconsin Class have sustained losses in their compensation as a proximate result of O'Brien's violations. Accordingly, Plaintiff Stecker, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring O'Brien to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

71. Under Wis. Stat. §109.11, Plaintiff Stecker and the Wisconsin Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

72. Under Wis. Stat. § 109.03(6), Plaintiff Stecker and the Wisconsin Class are entitled to recovery of attorneys' fees and the costs incurred in this action to be paid by O'Brien.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Stecker, individually and on behalf of all members of the Classes hereby respectfully requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the Collective Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Stecker as the Named Plaintiff and as representative of the Wisconsin Class;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring O'Brien's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations;

g) An Order finding that O'Brien violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations are willful;

i) Judgment against O'Brien in the amount equal to Plaintiff Stecker's, the Collective Class's, and the Wisconsin Class's unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgment interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 19th day of March 2019.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs

By: *s/ Timothy P. Maynard*
Larry A. Johnson, SBN 1056619
Summer H. Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953

Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442

Telephone: 414-271-8650
Fax: 414-271-8442
Email: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com