## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Plaintiff Linda Stecker ("Stecker"), both individually and on behalf of the individuals who join this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class"), and Defendant O'Brien Steel Services Co. ("O'Brien Steel") (collectively the "Parties").

## Recitals

WHEREAS, in a lawsuit captioned *Stecker v. O'Brien Steel Services Co.,* Case No. 19-cv-00400, U.S. District Court, E.D. of Wisconsin (the "Lawsuit"), Stecker alleges that O'Brien Steel failed to properly pay her and similarly situated individuals overtime premium compensation for hours worked over forty in a workweek and for failing to factor into the regular rate certain bonuses.

WHEREAS, O'Brien Steel denies the allegations in the Lawsuit and denies any and all liability to Stecker or the Collective Class.

WHEREAS, O'Brien Steel has provided data and information relevant to Stecker's allegations to Stecker's Counsel, Hawks Quindel, S.C., and, after a detailed analysis of the data, the Parties engaged in arm's length settlement negotiations. Through the negotiations, the Parties were able to reach agreement upon a total settlement fund to provide compensation for the alleged unpaid wages to Stecker and those Collective Class members employed in O'Brien Steel's Milwaukee office.

WHEREAS, Hawks Quindel, S.C., has represented Stecker and negotiated with O'Brien Steel at arm's length throughout this matter to ensure that Stecker and the Collective Class are properly compensated for time spent working in excess of forty hours in a workweek;

WHEREAS, this Agreement resolves bona fide disputes involving allegations of overtime compensation owed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et al.*, as well as bona fide disputes regarding overtime compensation owed under state statutes, local laws and administrative regulations;

WHEREAS, subject to approval by the Court, the Parties have reached a binding agreement to settle this matter upon the terms and conditions set forth herein (the "Settlement").

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims, as specified herein on the following terms:

1

## I.     General Terms of Settlement

A.     For the purpose of settlement only, the Parties agree to stipulate to a 29 U.S.C. § 216(b) collective class as defined in Section IV.A., below (the "Collective Class").

B.     In exchange for the Release of Claims and other promises contained herein, O'Brien Steel will, in accordance with the manner and timing provided for in Sections III(A)–IV(C), below, make payments to Stecker, the Collective Class, and Stecker's Legal Counsel, Hawks Quindel, S.C., in the amounts identified in Section III, below, and Exhibit A to this Agreement.

C.     Stecker understands and acknowledges that, although O'Brien Steel are entering into this Agreement and making the payments hereunder, O'Brien Steel does not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in Section II.A. below, and expressly denies the same.

## II.     Release of Claims, Acknowledgments, and Agreement to Cooperate

A.     Stecker's Release of Claims.

Upon approval of this Agreement and the Entry of Dismissal, Stecker hereby and forever completely releases and discharges O'Brien Steel from any claims for unpaid overtime compensation including: (1) claims for unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3); (2) claims for unpaid overtime and agreed upon compensation pursuant to Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274, and pursuant to the law of any other State and of any local government; and (3) any state common law wage claims for unpaid overtime and agreed upon compensation, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit;

B.     Stecker and Collective Class Members' Release of FLSA Claims.

Upon approval of this Agreement and the Entry of Dismissal, the Collective Class Members who have filed their consent forms with the Court release their FLSA claims for unpaid overtime resulting from O'Brien Steel's alleged failure to pay overtime compensation, between March 19, 2016 and October 16, 2019.

C.   Stecker and Collective Class Members' Release of Wisconsin Claims.

Upon approval of this Agreement and the Entry of Dismissal, the Collective Class Members who have agreed to release their Wisconsin Law Claims by so indicating on the consent form filed with the Court, will release their Wisconsin law claims for unpaid overtime compensation and agreed upon wages, between March 19, 2016 and October 16, 2019, including (1) claims for unpaid overtime and agreed upon compensation pursuant to Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274, and pursuant to the law of any other State and of any local government; and (2) any state common law wage claims for unpaid overtime and agreed upon compensation, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum meruit.

D.   Acknowledgments and Agreement to Cooperate.

Stecker acknowledges and agrees that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of overtime compensation, agreed upon wages, liquidated damages, civil penalties, and her legal fees and costs. Stecker further agrees that this settlement represents fair and reasonable compensation for any unpaid wages she may have accrued during her employment with O'Brien Steel, inclusive of any claim for liquidated damages. Stecker further acknowledges and agrees she has been given sufficient time to read this Agreement and its attached Exhibits A-D prior to his execution of it, understands their terms, and has consulted with Hawks Quindel, S.C., about the legal effects of this Agreement. Finally, Stecker agrees to direct her counsel, Hawks Quindel, S.C., to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Hawks Quindel, S.C., to work cooperatively with O'Brien Steel to seek judicial approval of this Agreement, including preparation of court required pleadings.

## III.  Settlement Payments

A.   Settlement Fund.

As consideration for the releases in Section II above, O'Brien Steel shall pay $80,000 (the "Settlement Fund"), less any sums allocated on Exhibit A to any individual who does not file a consent form with the Court. This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, and an enhancement payment as described below. If the

Agreement is not approved by the Court, O'Brien Steel will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B.   Allocation of the Settlement Fund.

1.   Enhancement Payments - $4,500.00 of the Settlement Fund shall be allocated as an enhancement payment to Stecker in recognition of her in bringing this claim, serving as the named plaintiff and class representative, providing information to and assisting counsel in bringing this matter as a class action, her insistence that the matter be resolved on class-wide basis, and the assistance she provided Plaintiff's Counsel in bringing this matter to resolution. $1,000.00 of the Settlement Fund shall be allocated as an enhancement payment to Erin Hill in recognition of the assistance and information she provided in litigating this matter. O'Brien Steel will issue an IRS Form 1099 to Stecker and to Hill respectively for this enhancement payment.

2.   Attorneys' fees - $25,000.00 of the Settlement Fund shall be allocated as attorneys' fees. Plaintiff's Counsel will seek approval of this fee award contemporaneously with seeking approval of this Agreement.

3.   Costs - $473.00 of the settlement fund shall be allocated as costs.

4.   Settlement Class Funds – The remaining portion of the Settlement Fund, $49,027.00, shall be allocated among two separate funds:

a.   Wisconsin Settlement Fund – $24,513.50 of the Settlement Fund shall be allocated to the Wisconsin Settlement Fund. Collective Class Members, who agree to release their Wisconsin law claims by so indicating on a consent to join form, shall receive a pro-rata share of the Wisconsin Settlement Fund in an amount not to exceed the figure set forth for such Collective Class Member in Exhibit A. For tax purposes, two-thirds of each payment from the Wisconsin Settlement Fund shall constitute unpaid wages and shall be subject to regular payroll withholdings. O'Brien Steel will report the unpaid wages portion to each Collective Class Member on an IRS Form W2. One-third shall be attributed to liquidated damages for which each Collective Class Member will receive an IRS Form 1099 from O'Brien Steel.

    b. The FLSA Settlement Fund - $24,513.50 of the Settlement Fund shall be allocated to the FLSA Settlement Fund. Each individual who opted into this matter at the close of the notice period shall receive a pro-rata share of the FLSA Settlement Fund in an amount set forth for such individual in Exhibit A. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. O'Brien Steel will report the unpaid wages portion to each opt-in plaintiff on an IRS Form W2. One-half shall be attributed to liquidated damages for which each opt-in plaintiff will receive an IRS Form 1099 from O'Brien Steel.

## IV. Settlement Approval Process.

A. Stipulation to 29 U.S.C. § 216(b) Collective Class Certification.

The Parties agree to file a stipulated motion to certify a 29 U.S.C. § 216(b) Collective Action of the following Class:

> All individuals employed by O'Brien Steel as an Inside Sales Representative in O'Brien Steel's Milwaukee Office at any time since March 19, 2016 whose names appear on Exhibit A of this Agreement.

The stipulated motion is attached as Exhibit B to this Agreement.

B. Approval Order.

If this Agreement is approved by the Court, the Parties will seek an Order Approving Settlement:

1. Certification of this case as a collective action under 29 U.S.C. § 216(b);

2. Approving the Agreement as fair, reasonable, and adequate as it applies to the Collective Class;

3. Appointing Stecker as Class Representative for the Collective Class;

4. Appointing Hawks Quindel, S.C. as Collective Class Counsel;

5. Approving the Notice in the form of Exhibit C for distribution to all Collective Class Members;

6.    Declaring the Agreement to be binding on O'Brien Steel, Stecker and the Collective Class;

7.    Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with the Settlement.

C.    Settlement Administration.

If the Court grants approval of this Agreement, the settlement will be administered by Plaintiff's Counsel. The parties agree to the following procedure for settlement administration:

1.    Settlement Allocations. Individual settlement allocations shall be made in the amounts set forth in Exhibit A. Each check will indicate that it is void after ninety days.

2.    Issuance of Notice. Within seven days of the Court's Order granting approval of the Settlement (Exhibit D), Plaintiff's Counsel will mail the Notice to the Collective Class Members in a form substantially similar to what is attached hereto as Exhibit C and made a part of this Agreement, along with a self-addressed envelope. The Notice will be sent by first-class U.S. Mail. The Notice shall inform Collective Class Members of the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A and how they can participate in the settlement. The Collective Class Members shall have thirty days from the mailing of the notice to return a consent form (the "notice period").

If the mailing of Notice is returned as undeliverable, Plaintiff's Counsel shall take other appropriate steps to identify proper current addresses for the Class Members. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that Class Member.

3.    Payment schedule. Within fourteen days of the close of the notice period, Plaintiff's Counsel will notify O'Brien Steel in writing of the names of all individuals who have filed consent forms in this Court and will provide such filed forms. Within seven days after receiving such notice, O'Brien Steel will deliver to Plaintiff's Counsel settlement checks for Attorneys' Fees, Costs, Service Payment to Stecker, Service Payment to Hill, and for the allocated shares of the Settlement Class Funds (collectively the "Settlement Checks") for all individuals who

have filed consent forms with the Court. Specifically, O'Brien Steel will deliver to Plaintiff's Counsel the allocated shares of the FLSA Settlement Fund for those individuals whose consent forms have been timely filed with the Court. Additionally, O'Brien Steel will deliver to Plaintiff's Counsel the allocated shares of the Wisconsin Settlement Fund for those individuals who have timely filed a consent form indicating that they agree to release their Wisconsin law claims. The allocation of each payment is provided in Exhibit A. Within seven days of receiving these checks, Plaintiff's Counsel will mail them to the class members. Each settlement check shall indicate on its face that it is void after ninety days of issuance.

O'Brien Steel has no obligation to make any settlement payment to any individual who does not file a consent form with the Court nor to Plaintiff's Counsel for the allocated shares of the Settlement Fund on Exhibit A for such individuals. Such individuals will not release any FLSA claims and O'Brien Steel agrees that it will not argue that such an individual cannot bring FLSA claims in the future based on *res judicata*, claim preclusion, and/or waiver.

O'Brien Steel has no obligation to make the allocated Wisconsin Settlement Fund payment to any individual who does not agree to release his or her Wisconsin law claim by so indicating on the consent form filed with the Court, nor to Plaintiff's Counsel for the allocated shares of the Wisconsin Settlement Fund allocated on Exhibit A for such individuals. Such individuals will not release any Wisconsin law claims and O'Brien Steel agrees that it will not argue that such an individual cannot bring Wisconsin law claims in the future based on *res judicata*, claim preclusion, and/or waiver.

4.    Cy Pres. Any portion of the Settlement Class Fund allocated to an individual whose consent form was filed with the Court and whose settlement payment check remains uncashed more than ninety days after issuance shall be considered cy pres and O'Brien Steel shall pay that amount to The Employee Rights Advocacy Institute for Law & Policy, 2201 Broadway, Suite 420, Oakland, CA 94612. Within twenty-one days of the expiration of the settlement checks, O'Brien Steel shall deliver to Plaintiff's Counsel an accounting of unclaimed settlement funds (including name of recipient and amount of checks not cashed). Within seven days of Plaintiff's Counsel's approval, O'Brien Steel shall mail a check to the cy pres recipient, copying Plaintiff's Counsel.

7

## V.      Entry of Dismissal and Enforcement of this Agreement.

The Parties agree to seek dismissal with prejudice of the Stecker's released claims, and the Collective Class Members' released claims effective on the date on which the Entry of Dismissal is filed with the Court. The Parties agree that the Court shall retain jurisdiction to enforce the terms of the Agreement. Accordingly, within fourteen days of Plaintiff's Counsel's receipt of the Settlement Checks in the correct amounts, Plaintiff's Counsel will file a Stipulated Motion for Dismissal and Proposed Order. The Stipulated Motion for Dismissal shall be with prejudice and without additional costs to either party.

Failure to timely comply with the terms of this Agreement shall result in Stecker and the Collective Class Members' ability to seek enforcement of the terms of this Agreement, including an award of additional attorneys' fees and costs incurred in any such enforcement action. The Parties specifically consent to the Court's jurisdiction to enforce the Agreement in this matter over this matter after approval of settlement.

## VI.     Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## VII.    Entire Agreement

This Agreement and its Exhibits A-D constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersedes any prior written or oral agreements. In entering into this Agreement, Stecker expressly acknowledges that she is not relying on advice from O'Brien Steel, including O'Brien Steel' principals, owners, or attorneys, or any other individual or entity other than Hawks Quindel, S.C.

## VIII.   Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## IX.     Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

DocuSign Envelope ID: 6E5AF990-129A-481D-A54B-232D6591AFBF

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

12/19/2019

_____
Dated

Linda Stecker on behalf of herself and
the Collective Class


_____
Dated

Defendant O'Brien Steel Services Co.

By:     _____

Its:     _____

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____           _____
Dated                       Linda Stecker on behalf of herself and
                            the Collective Class


_____           Defendant O'Brien Steel Services Co.
Dated
                            By: _____

                            Its: _____
                                 President

| Title | First Name | Last Name | Pro Rata Percentage | Service Payment | FLSA Damages (W2) | FLSA Liquidated Damages (1099) | WI Law Damages (W2) | WI Law Civ. Penalties (1099) | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| Mrs. | Linda | Stecker | 42.32% | $4,500.00 | $5,186.72 | $5,186.72 | $6,915.63 | $3,457.81 | $25,246.88 |
| Mrs. | Erin | Hill | 23.86% | $1,000.00 | $2,924.56 | $2,924.56 | $3,899.41 | $1,949.70 | $12,698.22 |
| Mr. | Cord | Hansen | 13.37% | | $1,638.91 | $1,638.91 | $2,185.21 | $1,092.61 | $6,555.64 |
| Ms. | Kristine | Brzezinski | 20.45% | | $2,506.57 | $2,506.57 | $3,342.09 | $1,671.04 | $10,026.27 |
| | | TOTALS | 100.00% | $5,500.00 | $12,256.75 | $12,256.75 | $16,342.33 | $8,171.17 | $54,527.00 |

| | |
|---|---|
| ATTORNEYS' FEES | $25,000.00 |
| COSTS | $473.00 |
| TOTAL SETTLEMENT | $80,000.00 |

| | |
|---|---|
| TOTAL WAGE SETTLEMENT | $80,000.00 |
| ATTORNEYS' FEES | $25,000.00 |
| COSTS | $473.00 |
| L. STECKER SERVICE PAYMENT | $4,500.00 |
| E. HILL SERVICE PAYMENT | $1,000.00 |
| FLSA FUND | $24,513.50 |
| WI LAW FUND | $24,513.50 |
| TOTAL WAGE SETTLEMENT | $80,000.00 |

DocuSign Envelope ID: 6E5AF990-129A-481D-A54B-232D6591AFBF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

**LINDA STECKER,**
**individually and on behalf of**
**all others similarly situated,**
                    **Plaintiff,**                          Case No.:    **19-CV-400-WED**

        **v.**

**O'BRIEN STEEL SERVICE CO.,**
                    **Defendant.**

## STIPULATED MOTION TO CONDITIONALLY CERTIFY
## A COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)

Plaintiff Linda Stecker, on behalf of herself and others similarly-situated ("Plaintiff"), and Defendant O'Brien Steel Service Co. ("O'Brien Steel") (collectively the "Parties"), through their respective undersigned counsel, submit this Stipulated Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b). This stipulated motion is entered into, and the class is certified, only as a condition of and for purposes of the settlement reached between the "Parties". The Parties, through negotiation, reached a settlement in this case. In connection with this settlement, the Parties agreed to stipulate to conditional certification of the proposed 29 U.S.C. § 216(b) Class defined below, for settlement purposes only.

1.      The Parties stipulate to and move the court to conditionally certify a Collective Action of the following collective class pursuant to 29 U.S.C. § 216(b):

> All individuals employed by O'Brien Steel as an
> Inside Sales Representative in O'Brien Steel's
> Milwaukee Office at any time since March 19, 2016

DocuSign Envelope ID: 6E5AF990-129A-481D-A54B-232D6591AFBF

whose names appear on Exhibit A of the Parties' Settlement Agreement.

2.     Plaintiff Linda Stecker is similarly situated to the potential Collective Class members in the class because she was employed as an Inside Sales Representative of O'Brien Steel during the relevant statutory period and was subject to the same compensation policies and practices as members of the potential putative class;

3.     Many of O'Brien Steel's defenses are not individual to members of the Collective Class; rather, they are applicable across the Collective Class;

4.     Fairness and procedural considerations support proceeding as a Collective Class;

5.     Subject to the Court's granting of approval of the Parties' Settlement Agreement and Release, the Parties intend to send Notice to the Collective Class members in the form attached as Exhibit C to the Parties' Settlement Agreement and Release.

6.     If the Parties' proposed settlement is not approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this Stipulation and the Court's Order as to this Stipulation shall be vacated without further order of the Court and the Parties will request a new schedule from the Court.

Respectfully submitted this __th day of November, 2019.

Respectfully submitted,                    Respectfully Submitted,

 s/_____          s/_____
Roy G. Davis                               Larry A. Johnson, SBN 1056619

2

rgdavis@dcamplaw.com
David G. Lubben
dglubben@dcamplaw.com

ljohnson@hq-law.com
Summer H. Murshid, SBN 1075404
smurshid@hq-law.com
Timothy P. Maynard, SBN 1080953
tmaynard@hq-law.com

**Davis & Campbell L.L.C.**
401 Main Street, Suite 1600
Peoria, IL 61602-1241
(309) 673-1681 (office)
(309) 673-1690 (facsimile)

**Hawks Quindel, S.C.**
222 E Erie Street, Suite 210
Milwaukee, WI 53202
(414) 271-8650 (office)
(414) 271-8442 (facsimile)

**Attorneys for Defendant**

**Attorneys for Plaintiff**

3

# LEGAL NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**THIS IS NOT AN ADVERTISEMENT OR ATTORNEY SOLICITATION. THIS NOTICE HAS BEEN APPROVED BY THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN AND CONTAINS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.**

This notice is being sent pursuant to a proposed settlement of the following collective action lawsuit pending in the U.S. District Court for the Eastern District of Wisconsin:

## *Stecker v. O'Brien Steel Services Co.,* Case No. 19-cv-00400

### A. WHAT IS THIS NOTICE FOR?

This notice is to inform you that:

- You may opt into this action by returning the enclosed consent form. If you opt-in, you will be entitled to [FLSA AMOUNT].

- You may also release your Wisconsin law claims by checking the box on the enclosed consent form. **If you check the box, you will be entitled to [WI AMOUNT], in addition to the above amount.**

- You may take no action. If you take no action, you will not receive either amount identified above and you will not release any legal claims.

### B. WHAT IS THIS LAWSUIT ABOUT?

Linda Stecker filed a complaint against O'Brien Steel Services Co. ("O'Brien Steel") alleging that O'Brien Steel failed to pay its inside sales representatives employed in its Milwaukee location, agreed upon and overtime wages for all hours worked. O'Brien Steel denies these allegations and contends that it properly compensated its employees.

The complaint alleges violations of Wisconsin and federal law (FLSA) and seeks back pay, liquidated damages, civil penalties, interest, and attorneys' fees and costs.

### C. WHY AM I INCLUDED?

You received this Notice because O'Brien Steel's records show that you were employed as an inside sales representative during at least one workweek since March 19, 2016.

### D. WHAT DOES THE SETTLEMENT DO?

The proposed Settlement resolves the claims before the Court decides which side should win this case.

As part of the Settlement, O'Brien Steel has agreed to pay $80,000 ("Settlement Fund") to resolve this lawsuit. That amount resolves the alleged FLSA, state, and/or local law claims of the collective class members' in this action, including attorneys' fees, costs, service payments, unpaid wages, and liquidated damages/civil penalties/interest. A service payment of $4,500.00 will be requested from the Settlement Fund for Named Plaintiff Stecker due to her efforts in obtaining a collective class-wide recovery.

### E. DO I HAVE AN ATTORNEY IN THIS CASE?

The Court has appointed attorneys Larry A. Johnson, Summer H. Murshid, and Timothy P. Maynard of Hawks Quindel, S.C. as Class Counsel.

Participating Class Members will not be required to make any payments to Class Counsel for any of the litigation costs from their individual settlement amounts identified in this Notice. Class Counsel will receive an award of $25,000.00 in attorneys' fees and $500.00 in costs out of the Settlement Fund.

### F. IF I PARTICIPATE, DO I NEED TO WORRY ABOUT RETALIATION?

O'Brien Steel cannot terminate your employment, or treat you any differently because of your participation in, or exclusion from, the Settlement.

## G. WHAT ARE MY OPTIONS?

1. <u>Sign and Return the Enclosed Consent Form and Check the Wisconsin Law Release Box.</u>

   If you want to receive [**FLSA + WI LAW AMOUNT**], which is the full amount you can receive in exchange for release of your alleged Wisconsin and Federal law claims, you must sign and return the enclosed consent form by **[date 30 days from mailing**] **and check the box** to release your Wisconsin Law Claims.

   Return your consent form to:

   **Hawks Quindel, S.C.**
   Attn: Timothy P. Maynard
   P.O. Box 442, Milwaukee, WI 53201-0442
   Phone: (414) 271-8650
   Fax: (414) 271-8442
   Email: tmaynard@hq-law.com

2. <u>Sign and Return the Enclosed Consent Form Without Checking the Wisconsin Law Release Box.</u>

   If you return the enclosed consent form without checking the Wisconsin Law Release Box, you will only receive [FLSA AMOUNT]. You will release your FLSA claims, but you will retain your Wisconsin Law Claims.

3. <u>Do Nothing</u>.

   If you do nothing, you will receive no compensation as a result of this Settlement and you will retain your right to bring your own claim against O'Brien Steel for unpaid wages.

**NOTE: To receive the greatest amount of money from the settlement, you must <u>both</u> return your consent form and check the Wisconsin Law Release Box on that form.**

## H. WHERE CAN I GET MORE INFORMATION?

If you have additional questions or need additional information, please contact Class Counsel at:

**Hawks Quindel, S.C.**
Attn: Timothy P. Maynard
P.O. Box 442, Milwaukee, WI 53201-0442
Phone: (414) 271-8650
Fax: (414) 271-8442
Email: tmaynard@hq-law.com

***<u>PLEASE NOTE</u>: Inquiries for additional information or advice should <u>NOT</u> be directed to the Court or O'Brien Steel's Counsel. You may hire an attorney other than Class Counsel to discuss your rights under the Settlement if you choose.***

DocuSign Envelope ID: 6E5AF990-129A-481D-A54B-232D6591AFBF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

**LINDA STECKER,**
**individually and on behalf of**
**all others similarly situated,**
        **Plaintiff,**               **Case No.:   19-CV-400-WED**

        **v.**

**O'BRIEN STEEL SERVICE CO.,**
        **Defendant.**

## ORDER

Having reviewed the Parties' Joint Motion for Approval of Collective Action

Settlement and its supporting documents, **IT IS HEREBY ORDERED** that:

    1.     the Parties' Settlement Agreement (ECF No. ##-#) is a fair, reasonable,

and adequate resolution of bona-fide disputes under the FLSA and Wisconsin's

wage and hour laws;

    2.     the Parties' Joint Stipulation to Certify a Collective Action Pursuant to

29 U.S.C. § 216(b) (ECF No. ##) is **GRANTED**;

    3.     Linda Stecker is **APPOINTED** as Class Representative for the

29 U.S.C. § 216(b) collective class;

    4.     Hawks Quindel, S.C. is **APPOINTED** as Class Counsel;

    5.     the Parties' proposed Notice of Class Action Settlement (ECF No. ##-#)

is **APPROVED** as the best notice practicable under the circumstances for

distribution to all putative members of the Collective Class and approving that the

provision of the Notice of Class Action Settlement by mail constitutes valid, due, and sufficient notice to Collective Class Members in full compliance with applicable law, including the due process clause of the United States Constitution;

6. Defendant's Counsel

7. **SHALL PRODUCE** a class list to Class Counsel as a Microsoft Excel spreadsheet including each putative Class Member's name, street address, city, state, zip code, and phone number (with each piece of data as a separate column) within seven (7) days of the date of this Order;

8. Class Counsel **SHALL MAIL** the Notice of Class Action Settlement to the Class Members within seven (7) days of the Defense Counsel providing a class list as set forth in Section 6 above;

9. any putative member of the Collective Class **SHALL FILE** a Consent Form within thirty (30) days of Notice's mailing (the "Notice Period") in order to assert their FLSA claims as set forth in this matter;

10. Defendant **SHALL DELIVER** to Class Counsel the payments contemplated in the Settlement Agreement and Exhibit A of the Settlement Agreement within fourteen (14) days of the close of the Notice Period;

11. Class Counsel **SHALL FILE** a Stipulated Motion for Dismissal within fourteen days of Class Counsel's receipt of the settlement checks from Defendant.

Dated in Milwaukee, Wisconsin this __ day of _____ 2019.

_____
WILLIAM E. DUFFIN

DocuSign Envelope ID: 6E5AF990-129A-481D-A54B-232D6591AFBF

U.S. Magistrate Judge